UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BMO HARRIS BANK N.A., | Case No. 20-12632 |
| Plaintiff, | Bernard A. Friedman<br>U.S. District Judge |
| v. | |
| LAMAS TRANSPORT INC,<br>and DIMITRI LAMAS, | David R. Grand<br>U.S. Magistrate Judge |
| Defendants.<br>_____/ | |

**ORDER HOLDING RESPONDENT LAMAS TRANSPORT INC. IN CIVIL CONTEMPT AND DISMISSING, WITHOUT PREJUDICE, ORDER TO SHOW CAUSE AGAINST JAMES HAROLD DOCKERY, LYNDON'S, LLC, AND J.K.C. SERVICES, L.L.C. d/b/a J.K.C. SERVICES**

**Background**

On July 11, 2022, the Court issued an Order to Show Cause Directed to Respondents Lamas Transport Inc. ("Lamas Transport"), James Harold Dockery ("Dockery"), Lyndon's, LLC ("Lyndon's"), and J.K.C. Services, L.L.C. d/b/a J.K.C. Services ("J.K.C.") (the "Show Cause Order"). (ECF No. 33). There is no dispute that Dockery owns Lyndon's and J.K.C. BMO claims that Dockery also owns Lamas Transport, while Dockery disclaims any such ownership, asserting that the transaction pursuant to which he was to become Lamas Transport's owner was never fully consummated due to certain conditions precedent not having been satisfied.

The Show Cause Order provided a detailed factual and procedural background of this case, which the Court incorporates herein by reference. (*Id.*). In short, plaintiff BMO

Harris Bank, N.A. ("BMO") is seeking to recover collateral (a tractor and five trailers) that it claims was wrongfully disposed of by the Respondents. BMO claims that by doing so, Respondents violated the Judgment of Possession issued in favor of BMO. And, in the related case of *BMO Harris Bank N.A. v. James Harold Dockery and Lyndon's LLC*, 21-11580 (the "Dockery Action"), BMO has filed a motion to compel in which it contends that Dockery and Lyndon's failed to produce discovery related to their (and J.K.C.'s) arguments that (1) they did not violate the Judgment of Possession, and (2) Dockery is not the owner of Lamas Transport. The two go hand-in-hand, as BMO's motion that precipitated the Show Cause Order asserts, "[b]y his acquisition of LTI through JKC, Dockery subjects himself to enforcement of the Judgment Order." (ECF No. 30, PageID.490).

**October 12, 2022 Show Cause Hearing**

The Court held a hearing on the Show Cause Order on October 12, 2022, and also heard the motion to compel in the Dockery Action. BMO was represented by its counsel at the hearing, and Dockery, Lyndon's, and J.K.C. all appeared for the hearing, represented by attorney Gregory Rohl.[1] However, Lamas Transport did not appear at the hearing.

---

[1] As the Court previously noted (ECF No. 33, PageID.532), although attorney Rohl had filed an appearance on behalf of Dockery and Lyndon's in the Dockery Action, he had not yet filed an appearance in this case. However, Rohl stated on the record that he was representing Dockery, Lyndon's, and J.K.C. in this litigation, and that he would promptly file his notice of appearance on their behalf. While Dockery can (if necessary) represent himself *pro se*, as a non-attorney, he may not represent Lydon's or J.K.C., and those entities may not represent themselves *pro se*. *Mian v. Mahfooz*, No. 21-12572, 2022 WL 2128063, at *2 (E.D. Mich. May 24, 2022) (citing cases). Accordingly, **IT IS ORDERED** that, by **Monday, October 17, 2022**, attorney Rohl shall file his appearance in this case.

*Dockery, Lyndon's, and J.K.C.*

At the hearing, Dockery made clear that he had additional factual information to provide BMO in response to its discovery requests related to the collateral and his ownership (or lack thereof) of Lamas Transport, and explained that multiple challenging personal family situations had made it difficult for him to confer with his counsel to provide that information.  While the Court is sensitive to Dockery's challenges, it also recognizes BMO's frustration in obtaining discovery so that it can properly assess Dockery's arguments with respect to the collateral and his alleged ownership of Lamas Transport.[2] Accordingly, the Court explained to Dockery that **he must fully participate in the discovery process and make a good faith effort to answer BMO's discovery fully and completely to the best of his ability.**  Dockery and his counsel indicated their understanding and requested 30 days to provide detailed supplemental, properly-signed, discovery responses in the Dockery Action.  The Court will enter a separate order in the Dockery Action compelling supplemental discovery responses within that timeframe.

Accordingly, the Court hereby discharges the Show Cause Order against Dockery, Lydon's, and J.K.C. without prejudice, and will not find them in civil contempt or issue any monetary sanction against them at this time.  **They are each warned, however, that the failure to follow the Court's orders or to fully participate in discovery may result in the imposition of an appropriate sanction, up to and including entry of a judgment in BMO's favor.**

---

[2] The Court also notes that Dockery and his counsel have been involved in settlement discussions with BMO, and have participated in status conference calls with the Court regarding their dispute.

*Lamas Transport*

The analysis is different with respect to Lamas Transport, as that entity neither appeared at the show cause hearing nor filed anything on the docket in response to the Court's Show Cause Order. Accordingly, **IT IS ORDERED** that Lamas Transport is determined to be in **CIVIL CONTEMPT OF COURT**. Should BMO desire an order compelling Lamas Transport to pay the costs of BMO's motion for order to show cause, or ordering any other particular additional relief against Lamas Transport (ECF No. 30, PageID.497), it may file an appropriate motion supported by appropriate documentation.

**IT IS SO ORDERED.**

Dated: October 13, 2022  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 13, 2022.

s/Julie Owens  
Julie Owens  
Case Manager